GREGORY DANAHER
7901 Quill Gordon Ave
Las Vegas, NV 89149
702-490-0085



UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY DANAHER, | Case No: **2:13-cv-00128-MMD-PAL** |
| PLAINTIFF, | |
| vs. | **COMPLAINT** |
| FIRSTSOURCE ADVANTAGE, LLC, | |
| DEFENDANT | |

GREGORY DANAHER ("Plaintiff") hereby complains against FIRSTSOURCE ADVANTAGE, LLC ("Defendant"), as follows:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of; the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, and the Nevada Revised Statutes 649.370 (hereinafter "NRS") which states; "A violation of any provision of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1682 et seq., or any regulation adopted pursuant thereto, shall be deemed to be a violation of this chapter." Plaintiff further alleges a claim for invasion of privacy by intrusion which took place as a result of Defendant's collection efforts.

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for the Defendant. Plaintiff intends to propound discovery to Defendant identifying these other individuals who have suffered similar violations.

3. Plaintiff also intends to propound discovery of documents, records and contracts to corroborate facts and prove the allegations herein.

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d). Venue is proper in this District Court, particularly its unofficial southern district, pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

5. Plaintiff is a natural person and is a resident of Clark County, Nevada.

6. Plaintiff is a "consumer" within the meaning of the FDCPA 15 U.S.C § 1692a(6).

7. Defendant is an Amherst, New York based company engaged in the business of collecting debts, alleged to be due another, through the mail and telephone.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), trying to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

9. Defendant is a "Collection Agency" within the meaning of Nevada Revised Statutes, NRS 649.020.

10. All conditions precedent to the bringing of this action have been performed, waived or excused.

////

////

////

////

## IV. FACTUAL ALLEGATIONS

11.     At sundry and multiple times prior to the filing of this complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff attempting to collect an alleged debt. Defendant's conduct violated the FDCPA and NRS in multiple ways, including but not limited to:

A.      Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff. § 1692c(1) and § 1692c(3);

B.      Calling Plaintiff's telephone and leaving multiple voice messages on Plaintiff's answering machine stating: "This message is from a debt collector to collect a debt". § 1692c(b);

C.      On more than one occasion, Defendant's messages left on Plaintiff's answering machine were overheard by a third party which contained the statements: "This message is from a debt collector to collect a debt". § 1692c(b);

D.      Engaged in conduct, the natural consequence of which, is to harass, oppress or abuse Plaintiff. § 1692d(5);

E.      On more than one occasion, Calling Plaintiff's wireless number multiple times in one day. § 1692d(5);

F.      Utilized false or misleading representations by claiming to collect the debt for or on behalf of both FIA CARD SERVICES and BANK OF AMERICA. § 1692e(10) and § 1692e(14);

G.      Failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g either in an initial communication with Plaintiff or in writing within 5 days thereof. § 1692g;

  H. Continuously and repeatedly called Plaintiff's wireless telephone attempting to collect an alleged and non-existent debt. § 1692g(b);

  12. The foregoing violations are based upon the Defendants acts and omissions regarding multiple attempts to collect an alleged debt owed by Plaintiff.

  13. Plaintiff has no account with Defendant according to 15 USC § 1692a(5).

  14. You placed calls to Plaintiff on his private wireless telephone line beginning in the month of February, 2012 until May 22, 2012, repeatedly and continuously, multiple times on various occasions to the point of harassment, causing Plaintiff stress and anxiety at work, injury to Plaintiff's feelings, mental anguish and distress on a daily basis within the meaning of 15 USC § 1692d.

  15. Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiff's right to privacy, causing injury to Plaintiff's feelings, mental anguish and distress.

  16. Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. In regards to the aforementioned activities of Defendant, Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

### COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

  17. Plaintiff reincorporates by reference all of the preceding paragraphs.

  18. As a direct and proximate cause of the acts described above, Plaintiff has sustained and suffered damages.

19. The Defendant's conduct as alleged herein was reckless, willful, intentional, oppressive, and/or negligent, and done in disregard of the privacy rights of Plaintiff, thereby warranting the imposition of punitive damages.

20. Plaintiff has been forced to purchase a new wireless telephone and service plan as a result of Defendant's action aforementioned and is entitled to an award of compensation for damages.

### COUNT II: VIOLATIONS OF THE NEVADA REVISED STATUTES

21. Plaintiff reincorporates by reference all of the preceding paragraphs.

22. As a direct and proximate cause of the acts described above, Plaintiff has sustained and suffered damages.

23. The Defendant's conduct as alleged herein was reckless, willful, intentional, oppressive, and/or negligent, and done in disregard of the safety rights of Plaintiff, thereby warranting the imposition of punitive damages.

### COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION

24. Plaintiff reincorporates by reference all of the preceding paragraphs.

25. As a direct and proximate cause of the acts described above, Plaintiff has sustained and suffered damages.

26. The Defendant's conduct as alleged herein was reckless, willful, intentional, oppressive, and/or negligent, and done in disregard of the safety rights of Plaintiff, thereby warranting the imposition of punitive damages.

////

////

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, on all counts, for the following:

1. Declaratory judgment that Defendant's conduct violated the FDCPA and the NRS;

2. Actual damages;

3. Statutory damages;

4. Punitive damages;

5. Costs and reasonable attorney's fees; and,

6. For such other and further relief as may be just and proper.

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure 38(b), 42 U.S.C. § 1981a(c)(1), and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 23rd day of January, 2013.

Respectfully submitted,

By: _____
GREGORY DANAHER
7901 Quill Gordon Ave
Las Vegas, NV 89149
702-490-0085