GREGORY DANAHER
7901 Quill Gordon Ave
Las Vegas, NV 89149
g.danaher@gmail.com
702-490-0085
PRO SE

2013 JUN 17  P 2: 20

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Gregory Danaher, | ) |
|             Plaintiff, | ) |
| vs. | ) |
| Firstsource Advantage, LLC, | ) |
|             Defendant. | ) |

**Case No: 2:13-cv-00128-APG-PAL**

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S (1) MOTION TO AMEND COMPLAINT AND (2) MOTION REQUESTING AN EXTENSION OF TIME WITH ATTACHED DECLARATION OF GREGORY DANAHER**

GREGORY DANAHER ("Plaintiff") hereby replies to Defendant FIRSTSOURCE ADVANTAGE, LLC's OPPOSITION TO PLAINTIFF'S (1) MOTION TO AMEND COMPLAINT[1] AND (2) MOTION REQUESTING AN EXTENSION OF TIME[2].

    1)    Plaintiff is well aware of the effects the sequestration process is having on the court system, and is making every attempt to help conserve the limited resources of the Court. It would make matters better for the Court to allow all of the issues in this matter to be adjudicated in one case by adding the new violations to this existing case, rather than filing a new case. It would be the most efficient utilization of court resources, which would eliminate the need for the Plaintiff to file a second lawsuit against the Defendant, encompassing the other issues. A new case would more than likely be combined because of the similarities in issues and the parties involved. Thereby, Plaintiff would suffer prejudice as he would have to pay another filing fee, work out another scheduling order, file a related cases notice, etc.

---

[1] Docket no. 18
[2] Docket no. 19

Plaintiff filed both of his Motions[3] prior to the deadlines set forth for the same in the scheduling order[4]. Plaintiff, to amend his complaint, needs to show that "justice so requires" without undue prejudice to Defendant.[5] The Supreme Court has stated the purpose of pleadings is:

> "to facilitate a proper decision on the merits"[6] ... and not to erect formal and burdensome impediments in the litigation process. Unless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint."[7]

The Supreme Court's opinion regarding leave to amend in FOMAN v. DAVIS[8] states:

> "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. ... If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."

The ninth circuit has ruled that the lower court erred when not granting leave to amend to state a

---

[3] Docket no. 18 & 19
[4] Docket no. 16, p. 3
[5] Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)
[6] Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)
[7] United States v. Hougham, supra; Middle Atlantic Utilities Co. v. S.M.W. Development Corp., 392 F.2d 380 (2d Cir. 1968); Breier v. Northern California Bowling Proprietors' Ass'n., 316 F.2d 787 (9th Cir. 1963); 3 Moore's Federal Practice, Sec. 15.08.
[8] Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)

cause of action.[9]

> "Keeping in mind that amendment should be freely granted to permit proper
> disposition on the merits, we cannot accept the Fund's contention that a disposition on
> the merits at this time would be unduly prejudicial . . . Moreover, the Fund should be
> fully prepared to litigate the substantive issues of a . . . claim . . . Bald assertions of
> prejudice cannot overcome the strong policy reflected in Rule 15(a) to "facilitate a
> proper disposition on the merits." Conley, 355 U.S. at 48, 78 S.Ct. at 103."

The current scheduling order timing[10] will prejudice Plaintiff.[11]

2)   Defendant's statements in ¶ 2 of its Response to Plaintiff's Motions[12], are conclusory
and hearsay.[13] Plaintiff has failed to provide any evidence to support his assertions. Plaintiff on the 26th
of March, 2013, made his first set of Requests for Production ("RFP") and Requests for Admissions
("RFA"). Of the RFP documents, Defendant did not provide any of the discovery asked for,
particularly, basic information was rebuffed such as any documents, emails or files or records of any
kind which exist that reference identifiers of Plaintiff between Defendant and Bank of America[14] or
between Defendant and FIA Card Services.[15]

Defendant's response (partial) was;

> "... Responding Party is conducting a diligent inquiry to identify and locate any
> responsive records. To date, no responsive records are known to exist."

According to Defendant, where any communications took place between Bank of America and
Defendant and/or FIA Card Services and Defendant, there are no records regarding Plaintiff or
identifiers of Plaintiff that exist. Plaintiff requests this discovery to obtain information pertinent to

---

[9] Hurn v. Retirement Fund Trust of the Plumbing, Heating and Piping Industry of Southerncalifornia, Defendant-Appellee.,
648 F.2d 1252 (9th Cir. 1981)
[10] Docket no. 16, pg. no. 3
[11] Docket no. 19, pg. no. 2 through 4, ¶¶ 1 through 10
[12] Docket no. 20 ¶ no. 2
[13] Federal Rules of Evidence, ARTICLE VIII. HEARSAY, Rule 801(c)(2)
[14] Defendant's Responses to Plaintiff's first set of Request for Production (Attached in full), Request no. 3
[15] Defendant's Responses to Plaintiff's first set of Request for Production (Attached in full), Request no. 4

Plaintiff's claim such as, but not limited to:

> "(Defendant) ... Utilized false or misleading representations by claiming to collect the
> debt for or on behalf of both FIA CARD SERVICES and BANK OF AMERICA. §
> 1692e(10) and § 1692e(14);"[16]

Plaintiff has discussed in detail the futility of his efforts when dealing with Defendant in obtaining the discovery requests.[17] Plaintiff has been clarifying these requests for production and waiting for the Defendant's attorney to "get back with me on that" which to date has not produced any relevant information requested in Discovery thus far, resulting in severe prejudice to Plaintiff[18]. Plaintiff is still waiting to receive answers from Defendant regarding many matters regarding discovery. Defendant has offered no argument in response against these assertions of it causing delay to the case because of its uncooperative stance. Therefore, any prejudice Defendant claims it has encountered or delay in these proceedings it's claiming prejudice it, is largely a result of its own inactions and uncooperative stance since the beginning of this litigation. Plaintiff has been prejudiced by both the actions and inactions of Defendant.

Defendant has stated itself that ***additional time for discovery is anticipated to supply additional facts***, which clearly contradicts itself by its own words.[19];

> "All of the responses contained herein are based only upon such information and
> documents presently available to and specifically known to this Responding Party. ***It is***
> ***anticipated that further discovery, independent investigation, legal research and***
> ***analysis will supply additional facts, add meaning to the known facts, as well as***
> ***establish entirely new factual and legal conclusions, all of which may lead to***
> ***substantial additions to, changes and variations from the contentions set forth***

---

[16] Docket no. 1 (Original Complaint) pg. 3 ¶ 11, F.
[17] Docket no. 19, pg. 3 & 4, ¶¶ 7 through 9
[18] Docket no. 19, pg. 3 & 4, ¶¶ 7 through 9
[19] Preliminary Statement of Defendant's Responses to Plaintiff's First Set of Requests for Production (Attached in full), pg. 2 ¶ 1

*herein*." (emphasis added).

Since Defendant only offers a bald assertion regarding being prejudiced[20] and has said itself that further discovery is anticipated to get to more facts, Defendants words above should be taken into consideration, and by granting Plaintiff's Motions[21] will appease both Plaintiff and Defendant.

3)   Defendant's statements in ¶ 3 of its Response to Plaintiff's Motions[22], are conclusory and hearsay.[23] Defendant claims they "had a permissible purpose" to obtain a copy of Plaintiff's consumer report as a matter of law by reason of 15 U.S.C. § 1681b(a)(3)(A) which states:

> **"(a) In general**
>
> ... **any consumer reporting agency** may furnish a consumer report under the following circumstances and no other:  To a person which it has reason to believe...intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, **or review or collection of an account of, the consumer;**...(emphasis added).

15 U.S.C. § 1681b(a)(3)(A) refers to the **consumer reporting agency** and **its reason to believe** the person making the request for the consumer report "*intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer.*"

15 U.S.C. § 1681b(a)(3)(A) **does not refer to a third-party entity claiming to have a permissible purpose** when in truth it is not authorized to collect an alleged account on behalf of the actual creditor. It does not refer to any third party who has not provided any factual claim to having been "retained" by an actual original creditor who may or may not have been involved with a consumer.

---

[20] Docket no. 20 ¶ no. 2
[21] Docket no. 18 & 19
[22] Docket no. 20 ¶ no. 3
[23] Federal Rules of Evidence, ARTICLE VIII. HEARSAY, Rule 801(c)(2)

15 U.S.C. § 1681b(a)(3)(A) does not refer to a third party by whom there has never been any extension of credit, or contractual obligation and/or agreement with the consumer. Plaintiff has never had any business dealings or any accounts with the Defendant.

Under 15 U.S.C. 1681b(a)(3)(A) the Credit Reporting Agency must have had certification from the **user**, which in this case is Firstsource Advantage, LLC, as to its intended **use** which must fall under the list of permissible purposes, before providing Plaintiff's credit report. Firstsource Advantage, LLC may be claiming they had permissible purpose under the vague verbiage of "collection of an account", however, Plaintiff has never made application for credit from, has never applied for employment with, has never applied for insurance from, or has never received a bona fide offer of an extension of credit from, the Defendant, signifying they indeed had no permissible purpose to obtain Plaintiff's consumer report.

Under 15 U.S.C. § 1681e(a), the procedures for certification to the Credit Reporting Agency in regard to obtaining an individual's credit report are; "These procedures shall require that prospective **users** of the information identity themselves, **certify** the **purposes** for which the information is sought, and certify that the information will be used **for no other purpose**."

Defendant cites *Pintos v Pacific Creditors Association*, No. 04-17485 (April 30, 2009) by taking it out of context. The Ninth Circuit Appellate Court held that debt collection does **not necessarily** constitute a permissible purpose under the FCRA to obtain a consumer's credit report[24]… The majority's distinction in Pintos was between obtaining a credit report in the process of collection of a judgment (permissible in the eyes of the majority), and obtaining a credit report in the collection of an account before there was a judgment (not permissible according to the majority). In its findings the court in Pintos also relied on (*Mone v. Dranow, 945 F.2d 306 (9th Cir. 1991)*… The court without discussion, concluded that the Defendant couldn't rely on 1681b(a)(3)(A) because it did not **USE** the credit information in connection with a credit transaction involving the consumer.)

---

[24] *Pintos v Pacific Creditors Association*, No. 04-17485 (April 30, 2009)

Defendant does not possess a judgment against Plaintiff for any debt. Defendant failed to meet one of the statutory requirements for permissible purpose. Defendant did not use the information in connection with a credit transaction between Defendant and Plaintiff, nor has Defendant attached any proof or evidence of a bona fide offer of credit. Firstsource used the information in the credit report to judge Plaintiff's credit-worthiness and ability to pay back loans, in its attempt to collect an alleged debt as a third party debt collector.[25]

Defendant's claims are without merit and have furnished no proof or evidence that it either has some type of agreement or contract with Plaintiff where Plaintiff agreed to owe a debt to Defendant or proof of a judgment against Plaintiff.

Plaintiff has never stated that there is any legitimate debt to collect. Defendant has not offered any proof that there is a voluntary underlying credit transaction. While the Defendant stated that Plaintiff pleads himself out of a cause of action, nothing could be further from the truth. Plaintiff merely stated what the obvious activities of the Defendant are, yet the defendant has failed to establish through any evidence before this court that there is any alleged debt and have made only conclusory statements regarding alleged debt without having provided any proof to this court or the Plaintiff of a voluntary underlying credit transaction.

Plaintiff is entitled to present evidence to support his claims.[26]

4)      Defendant's statements in ¶ 4 of its Response to Plaintiff's Motions[27] are conclusory and hearsay.[28] The TCPA prohibits persons from (1) making "any call," (2) "using any automatic telephone dialing system or an artificial or prerecorded voice;" (3) "to any telephone number assigned to a ... cellular telephone service..." 47 U.S.C. § 227(b)(1)(A). The TCPA defines "automatic telephone dialing system" as "equipment which has the capacity (A) to store or produce telephone numbers to be called,

---

[25] HARKINS v. DIVERSIFIED COLLECTION SERVICES, INC.
[26] Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)
[27] Docket no. 20 ¶ no. 4
[28] Federal Rules of Evidence, ARTICLE VIII. HEARSAY, Rule 801(c)(2)

using a random or sequential number generator; (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

According to the Ninth Circuit[29], and regarding; the telephone system **needing only to have the capacity,** they stated: ("[A] system need not actually store, produce, or call randomly or sequentially generated numbers, it need only have the capacity to do it.")

Defendant has admitted to using a predictive dialer or "automatic telephone dialing system" in their course of business[30] and have used telephones connected to such equipment to place calls to Plaintiff's cellular telephone, over a near four month period. Defendant called without Plaintiff's express written consent, which the TCPA clearly indicates are unlawful actions;

    (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT

        (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, ... (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ... (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; or an artificial or prerecorded voice—

In Nelson v. Santander Consumer USA, INC., summary judgment was awarded against the Defendant because the telephone system only needed to have the capacity or capabilities listed above.

    "Under both the statute and the order, the question is not how the Defendant made a particular call, but whether the system it used had the "capacity" to make automated calls. *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 952 (9th Cir. 2009) ("[A]

---

[29] *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 952 (9th Cir. 2009)
[30] Declaration of Melissa Kotas, pg. 1, ¶¶ 3 through 7

system need not actually store, produce, or call randomly or sequentially generated numbers, it need only have the capacity to do it.") (emphasis added)."[31]

At the very least, there is a genuine issue of material fact as to whether Defendant used an autodialer to call Plaintiff's cellular telephone, additional discovery is necessary to analyze, but not limited to, whether FirstSource's PBX system qualifies as an "autodialer" pursuant to the statutory definition in the TCPA.

Therefore, Defendants assertions that Plaintiff's claim fails and is futile are conclusory and hearsay, and the Court should not consider their assertions.

Plaintiff is entitled to present evidence to support his claims.[32]

5)      Defendant then attaches a DECLARATION OF MELISSA KOTAS which Plaintiff responded to and has attached herewith.


Plaintiff respectfully petitions this Honorable Court to grant his (1) MOTION TO AMEND COMPLAINT[33] and (2) MOTION REQUESTING AN EXTENSION OF TIME.[34]



Respectfully submitted this 17th day of June, 2013      by:

GREGORY DANAHER
7901 Quill Gordon Ave
Las Vegas, NV 89149
g.danaher@gmail.com
702-490-0085
PRO SE



---

[31] *Nelson v. Santander Consumer USA,Inc.* (No. 11-CV-307-BBC, F. Supp. 2d, 2013 WL 1141009 (W.D. Wis., Mar. 8, 2013)
[32] Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)
[33] Docket no. 18
[34] Docket no. 19

GREGORY DANAHER
7901 Quill Gordon Ave
Las Vegas, NV 89149
g.danaher@gmail.com
702-490-0085
PRO SE

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| Gregory Danaher, | ) | **Case No: 2:13-cv-00128-APG-PAL** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DECLARATION OF GREGORY DANAHER** |
| vs. | ) | **IN RESPONSE TO THE DECLARATION OF** |
| | ) | **MELISSA KOTAS** |
| Firstsource Advantage, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

I the undersigned, declare that I am the Plaintiff in the above entitled action. If
called as a witness I could and would competently testify to the following.

Plaintiff hereby responds to the DECLARATION OF MELISSA KOTAS[1];

1)      I have no personal knowledge to confirm or deny that Melissa Kotas is
employed at Firstsource Advantage, LLC, or that during the relevant dates and times, she
was the Dialer Operations Manager for Firstsource Advantage, LLC.

2)      I have no personal knowledge to confirm or deny that Melissa Kotas was
employed at Firstsource Advantage, LLC, for the past ten years.

3)      I have no personal knowledge to confirm or deny that Melissa Kotas has
equal to or more knowledge than any other individual in the company regarding the
operations of the company's predictive dialer hardware and software or how this
information is reflected on the collection activity notes. Declarant has not supplied any

---

[1] Docket no. 19, Declaration of Melissa Kotas

attachments as evidence of who has determined or how it has been determined that she has equal to or more knowledge than any other individual in the company regarding the operations of the company's predictive dialer hardware and software as well as how this information is reflected on the collection activity notes and she is testifying on behalf of others. Who says she has more knowledge? Who says others don't? Declarant has not demonstrated who has evaluated the knowledge level of all the other individuals in the company to come up with the supposed fact that she is the most knowledgeable individual in the company. Her opinion is not a statement of first-hand factual knowledge. These statements are hearsay and conclusory.

4)     I have no personal knowledge to confirm or deny that Declarant has taken an opportunity to review the account notes to determine whether or not any communication directed to me was initiated by Defendant's predictive dialing system. Declarants statements are hearsay and conclusory. I do have first-hand, factual and personal knowledge, and do represent under oath hereto, that I was contacted on my cellular telephone many times for nearly four months by Defendant where on the caller ID it stated: "FIRSTSOURCE ADV". On at least 2 occasions when I answered my cellular telephone, and said "hello", there was dead silence for 4 to 5 seconds after I said hello, and no answer on the other end, and I hung up, and concluded the calls. On the caller ID, each time this occurred, it stated: "FIRSTSOURCE ADV". It was very clear that Defendant was calling me on my cellular telephone. It was also clear that the method of contact Defendant used was by some type of automated system due to the fact the silence was abnormally long on both occasions and was the typical experience/consequence when answering an auto-dialed call or a call placed by a

predictive dialer. A predictive dialer times the dialing of numbers using an algorithm to predict when an agent will become available to receive the next call, which causes a delay between the time someone answers their telephone until the person on the other end answers, which is not a normal delay, and only occurs as a direct consequence of using a predictive dialer. Therefore, Plaintiff can say for certain due to my personal experience and first-hand personal knowledge of receiving and answering these calls, that Defendant initiated calls to my cellular telephone using a predictive dialer or automatic telephone dialing system as defined by the TCPA.

5)    I have no personal knowledge to confirm or deny that Declarant reviewed the account notes. The collection notes are not all of the evidence and have not been entered into the court record. Telephone records from defendants are additional evidence, and more precise, which will show that Plaintiff was called by Defendant, how many times and when. Plaintiff has requested these telephone records in discovery and was rebuffed by Defendant.

She has stated that she has looked at the collection activity notes, the account notes, the collection notes and other documentation, and that she concluded based on the entries in the collection notes, that I was not contacted by a predictive dialer. She is referencing supposed facts which are not in evidence nor attached to her Declaration. Also, any evidence or attachments must be sworn to as well. Since she has not attached the evidence to her Declaration, her statements therefore are hearsay and conclusory.

6)    I have no personal knowledge to confirm or deny that an ADIAL exists or not, or whether it would not be dialed by the predictive dialer is it has this designator "ADIAL". The Declarant is drawing conclusions with statements about facts not in

evidence and not attached to the declaration. Therefore her statements regarding these matters are hearsay and conclusory.

7)     These account notes, collection notes, collection activity notes and "other documentation" spoken of, including records of the action code "ADIAL", have not been entered into the record, are not attached to her Declaration and therefore all statements regarding these matters are hearsay and conclusory.

Based on the above, I am informed and believe that I have raised genuine issues of facts that are subject to the sole adjudication by the trier of fact... the jury.

There are too many supposed facts relying upon Declarants opinions and the Declarant has not supplied any attachments as any evidence of her opinions or the supposed facts. Her opinion is not a statement of first-hand factual knowledge. She is testifying on behalf of others who may have more knowledge than her. She has provided no proof of any evaluation of all employees knowledge level of the issues at hand, before the court. Plaintiff objects to the statements of Melissa Kotas on the grounds that nothing is attached to the declaration in support of Kotas' proposed facts and her statements are not supported by admissible evidence. She has no personal knowledge or first-hand knowledge regarding the collection efforts at issue. She has referenced supposed facts not in evidence, has not attached copies to her declaration and her declaration consists of hearsay and conclusory statements. Her entire declaration is ambiguous in that Plaintiff cannot tell what is fact and what is opinion, as she does not delineate between fact and opinion and her Declaration should not be considered by the Court.

////

////

I declare under penalty of perjury under the laws of the United States, that the above is true and correct. I am not submitting this Declaration, or the Motions before the court for any ill will or purpose, nor to delay this litigation process.

Respectfully submitted this 17th day of June, 2013      by: _____

GREGORY DANAHER
7901 Quill Gordon Ave
Las Vegas, NV 89149
g.danaher@gmail.com
702-490-0085
PRO SE

DECLARATION OF GREGORY DANAHER
IN RESPONSE TO THE DECLARATION OF MELISSA KOTAS
**2:13-cv-00128-APG-PAL**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a true and correct copy of the above document **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S (1) MOTION TO AMEND COMPLAINT AND (2) MOTION REQUESTING AN EXTENSION OF TIME WITH ATTACHED DECLARATION OF GREGORY DANAHER**, and this Certificate of Service upon the attorney of record for the Defendant in this action, listed below, by mailing a copy thereof, postage prepaid, via first-class U.S. mail to the address listed below, on this 17th day of June, 2013.

FIRSTSOURCE ADVANTAGE, LLC
C/O Gregory A Kraemer
Of: COOPER LEVENSON
ATTORNEYS AT LAW
6060 Elton Avenue
Las Vegas, NV 89107

By: _____
GREGORY DANAHER
7901 Quill Gordon Ave
Las Vegas, NV 89149
g.danaher@gmail.com
702-490-0085
PRO SE

1  JERRY S. BUSBY
   Nevada Bar No: 001107
2  GREGORY A. KRAEMER
   Nevada Bar No: 010911
3  COOPER LEVENSON APRIL
     NIEDELMAN & WAGENHEIM, P.A.
4  6060 Elton Avenue, Suite A
   Las Vegas, NV 89107
5  jbusby@cooperlevenson.com
   gkraemer@cooperlevenson.com
6  t: (702) 366-1125
   f: (702) 366-1857
7
   Attorneys for Defendant
8  Firstsource Advantage, LLC

9

10                     UNITED STATES DISTRICT COURT

11                          DISTRICT OF NEVADA

12

13
   GREGORY DANAHER,                    Case no. 2:13-cv-00128-MMD-PAL
14
                    Plaintiff,
15                                      DEFENDANT FIRSTSOURCE ADVANTAGE,
        vs.                             LLC'S RESPONSES TO PLAINTIFF
16                                      GREGORY DANAHER'S FIRST SET OF
   FIRSTSOURCE ADVANTAGE, LLC,          REQUESTS FOR PRODUCTION
17
                    Defendant.
18

19

20  PROPOUNDING PARTY:       GREGORY DANAHER

21  RESPONDING PARTY:        FIRSTSOURCE ADVANTAGE, LLC

22  SET NUMBER:              ONE

23

24  **TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

25      Pursuant to Federal Rule of Civil Procedure Rule 34, Firstsource Advantage, LLC

26  ("Responding Party" or "Defendant") hereby responds to Gregory Danaher's ("Propounding

27  Party" or "Plaintiff") First Set of Requests for Production.

28

                                    1        RESPONSE TO REQUESTS FOR PRODUCTIO[N]
                                                    2:13-cv-00128-MMD-PA[L]
07427.00/193938

## PRELIMINARY STATEMENT

This Responding Party has not fully completed its investigation of the facts relating to this case, has not fully completed its discovery in this action, and has not fully completed its preparation for trial. All of the responses contained herein are based only upon such information and documents presently available to and specifically known to this Responding Party and disclose only those contentions which are presently known to this Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual and legal conclusions, all of which may lead to substantial additions to, changes and variations from the contentions set forth herein. Responding Party, therefore, reserves its right to supplement or amend these discovery responses as discovery and investigation in this lawsuit progress.

The word usage and sentence structure may be that of the attorney assisting in the preparation of these discovery responses and, thus, do not necessarily purport to be the precise language of the Responding Party.

The objections asserted by Responding Party below are asserted in good faith, based upon counsel's evaluation of Responding Party's discovery obligations under the Federal Rules of Civil Procedure. Nevertheless, Responding Party, through counsel, offers and stands ready to confer with the Propounding Party in an effort to resolve or narrow, to the greatest extent possible, any dispute between the parties concerning these objections and responses.

The responses contained herein are made solely for the purpose of this Action.

This preliminary statement is incorporated into each of the responses set forth below as though fully set forth therein.


## OBJECTION TO INSTRUCTIONS

Responding Party objects to the instructions in Propounding Party's First Set of Requests for Production to the extent it seeks to impose requirements on Responding Party

1   beyond those set forth by Federal Rule of Civil Procedure Rule 34, local rules and/or Court

2   Order.

### OBJECTION TO DEFINITIONS

4   Responding Party objects to expressly defined terms are unmanageably overbroad,

5   vague and ambiguous.  These Requests for Production would have Responding Party speculate

6   at its detriment as to the definition of said terms and, therefore, cannot properly respond.

7   Many of the definitions are not even used in Propounding Party's Requests for Production and,

8   thus, are included solely to harass and frustrate Responding Party's good faith effort to comply

9   with its discovery obligations. Responding Party further and specifically objects to the

10  following defined terms:

11  **Defendant**:  Propounding Party defines this term to include entities and persons

12  beyond the control of Firstsource Advantage, LLC.  Responding Party makes no

13  representation as to the existence of documents with the possession, custody or control of

14  such entities or persons.

15  **Other Defendants**:  There are no other defendants in this Action.

16  **Documents**: In addition to setting forth a list of approximately 70 categories of

17  material, many of which are described only by the medium in which they may exist.  Such a

18  definition is unmanageably overbroad, vague and ambiguous such that Responding Party

19  cannot reasonably respond.  Propounding Party's expansive definition is vague and ambiguous

20  inasmuch as it purports to seek documents which it has not identified in any sense except to

21  suggest that it exists in a certain medium.   Propounding Party's expansive definition is

22  unmanageably overbroad as it seeks information about countless types of records, many of

23  which are unidentified, from a large corporate entity.  Responding Party's responses below

24  attempt, in good faith, to respond fully to Propounding Party's request but Responding Party

25  makes no representation as to the identity or existence of any document other than those

26  specifically identified, referenced or produced.

27  **Investigative Reports**:  Plaintiff's definition transforms a noun into a verb, rendering it

28  incapable of production.

RESPONSE TO REQUESTS FOR PRODUCTION
2:13-cv-00128-MMD-PAL

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Investigative reports prepared or obtained which in any way reference Plaintiff, the events alleged in the Complaint, Plaintiff's Social Security number, Plaintiff's identity or any allegations for defenses asserted in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party objects to this request on the grounds that this discovery request is vague and ambiguous inasmuch as Responding Party cannot reasonably determine how to respond to this request. It is unclear what Plaintiff means by investigative reports.  Moreover, Plaintiff's definition for transforms a noun into a verb, rendering it incapable of production.

**REQUEST FOR PRODUCTION NO. 2:**

All written or recorded statements prepared or obtained which in any way reference Plaintiff, the Plaintiff's Social Security number, the Plaintiff's true identity for any allegations or defenses asserted in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects to this request on the grounds that this discovery request is vague and ambiguous inasmuch as Responding Party cannot reasonably determine how to respond to this request. It is unclear what Plaintiff means by recorded statements.

**REQUEST FOR PRODUCTION NO. 3:**

Every document, including electronically stored information such as but not limited to, email messages including attachments, email header records, Word documents, PDF files, etc., in regards to communications or referencing communications between you and FIA Card Services which in any way references Plaintiff, the Plaintiff's Social Security number or other identifiers, or any allegation or defenses asserted in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party objects to this request on the grounds that this discovery request is vague and ambiguous inasmuch as Responding Party cannot reasonably determine how to respond to this request.

1  It is unclear what electronically stored information Plaintiff seeks in this request.   It is also unclear

2  what Plaintiff means by email header records and Plaintiff's proposed definition adds insufficient

3  clarity.

4    Responding Party further objects to this request to the extent that this discovery requests is

5  seeking documents already within Plaintiff's possession which reference the allegations or defenses in

6  this Action.  Responding Party further objects to this request to the extent that this discovery request is

7  seeking litigation documents protected by the attorney-client privilege and the attorney work-product

8  doctrine.

9    Subject to and without waiving the foregoing objections (and based upon Responding Party's

10  understanding of this discovery request), Responding Party responds as follows:

11    Responding Party is conducting a diligent inquiry to identify and locate any responsive records.

12  To date, no responsive records are known to exist.

13  **REQUEST FOR PRODUCTION NO. 4:**

14    Every document, including electronically stored information such as but not limited to,

15  email messages including attachments, email header records, Word documents, PDF files,

16  etc., in regards to communications or referencing communications between you and Bank of

17  America which in any way references Plaintiff, the Plaintiff's Social Security number or other

18  identifiers, or any allegation or defenses asserted in this action.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

20    Responding Party objects to this request on the grounds that this discovery request is vague and

21  ambiguous inasmuch as Responding Party cannot reasonably determine how to respond to this request.

22  It is unclear what electronically stored information Plaintiff seeks in this request.   It is also unclear

23  what Plaintiff means by email header records and Plaintiff's proposed definition adds insufficient

24  clarity.

25    Responding Party further objects to this request to the extent that this discovery requests is

26  seeking documents already within Plaintiff's possession which reference the allegations or defenses in

27  this Action.  Responding Party further objects to this request to the extent that this discovery request is

28  seeking litigation documents protected by the attorney-client privilege and the attorney work-product

RESPONSE TO REQUESTS FOR PRODUCTION
2:13-cv-00128-MMD-PAL

07427.00/193938

doctrine.

Subject to and without waiving the foregoing objections (and based upon Responding Party's understanding of this discovery request), Responding Party responds as follows:

Responding Party is conducting a diligent inquiry to identify and locate any responsive records. To date, no responsive records are known to exist.

**REQUEST FOR PRODUCTION NO. 5:**

All documents sent to Plaintiff by you between January 1, 2012 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party agrees to comply with this request by producing all communications received from Plaintiff between January 1, 2012 through the present.

**REQUEST FOR PRODUCTION NO. 6:**

All documents sent to you by Plaintiff between January 1, 2012 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party agrees to comply with this request by producing all communications sent to Plaintiff between January 1, 2012 through the present.

**REQUEST FOR PRODUCTION NO. 7:**

Complete work history, full name, address and telephone number of the Operations Manager (or the person responsible for day to day operations at Defendants place of business) along with information such as job duties, daily duties and responsibilities within his and all department under his supervision.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party objects to this request on the grounds that this discovery request seeks a summary of information, not documents or materials. If Propounding Party amends this request to cure this defect, Responding Party reserves it right to further object to this request on the grounds that this discovery request to the extent it seeks information that is prejudicial, private, confidential, privileged or protected from disclosure by any constitutional, statutory, or common law privilege, protection, or limitation.

///

RESPONSE TO REQUESTS FOR PRODUCTION
2:13-cv-00128-MMD-PAL

**REQUEST FOR PRODUCTION NO. 8:**

All documents evidencing telephone messages, log books, or your other regularly maintained records which contain information about communications between Defendant and Plaintiff from January 1, 2012 to present in regards to Plaintiff's telephone number 702-300-4625.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party agrees to comply with this request by producing its collection account notes for Plaintiff's account.

**REQUEST FOR PRODUCTION NO. 9:**

Phone records, including but not limited to; audio recordings including archived recordings, written records, printed records, or any type of recording, between Defendant and Plaintiff from January 1, 2012 to present with records to all telephone numbers or telephone lines that Defendant used to call Plaintiff's telephone number 702-300-4625.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects to this request on the grounds that this discovery request is unduly burdensome and oppressive in that, among other things, it is overbroad and not properly limited in scope. Propounding Party's requests seeks phones records covering millions of phone calls, the vast majority of which have no relation to the claims or defenses in this Action. Furthermore, the majority of individuals contacted by Responding Party have delinquent financial accounts, which carries a significant social stigma. The disclosure of the identity of these individuals via their phone numbers infringes upon their financial privacy rights. In light of the burdens of production and the privacy interests at stake, Responding Party objects to the production of its phone records.

**REQUEST FOR PRODUCTION NO. 10:**

All policy manuals, procedure manuals, or other documents, which address your policies, practices, or procedures when collecting any and all accounts, including past due accounts.

///

RESPONSE TO REQUESTS FOR PRODUCTION
2:13-cv-00128-MMD-PAL

07427.00/193938

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects to this request on the grounds that this discovery request is irrelevant and not reasonably calculated to lead to discovery of admissible evidence.  Plaintiff has not alleged any claim which implicate Responding Party's general policies or practices.  Rather, Plaintiff has alleged specific violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and i Nevada State counterpart arising from specific phone calls to Plaintiff as well as an alleged failure to send Plaintiff a written notice of certain rights detailed in 15 U.S.C. § 1692g.  Responding Party's general collection policies are irrelevant to the claims and defenses in this Action.

Responding Party further objects to this request on the grounds that this discovery request seeks information protected by the attorney-client privilege and the attorney work-product doctrine.  Financia institutions generally, and collection companies specifically, are subject to a comprehensive set of federal, state, and local laws.  Responding Party's collection policies were developed by in house and outside counsel for the purpose of ensuring compliance with all federal, state and local laws.  Therefore Responding Party's collection policies are privileged from disclosure by the attorney-client privilege and the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 11:**

The name of the manufacturer and the model number of the phone system used by the Defendant to call Plaintiff's telephone number 702-300-4625.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party objects to this request on the grounds that this discovery request seeks a summary of information, not documents or materials.  If Propounding Party amends this request to cure this defect, Responding Party reserves it right to further object to this request on the grounds that this discovery request to the extent it seeks information that is prejudicial, private, confidential, privileged or protected from disclosure by any constitutional, statutory, or common law privilege, protection, or limitation.

**REQUEST FOR PRODUCTION NO. 12:**

The name of the programmer of the phone system used by the Defendant to call Plaintiff's telephone number 702-300-4625.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party objects to this request on the grounds that this discovery request seeks a summary of information, not documents or materials. If Propounding Party amends this request to cure this defect, Responding Party reserves it right to further object to this request on the grounds that this discovery request to the extent it seeks information that is prejudicial, private, confidential, privileged or protected from disclosure by any constitutional, statutory, or common law privilege, protection, or limitation.

**REQUEST FOR PRODUCTION NO. 13:**

The name of the manufacturer of the autodialer system used by the Defendant to call Plaintiff's telephone number 702-300-4625.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party objects to this request on the grounds that this discovery request seeks a summary of information, not documents or materials. If Propounding Party amends this request to cure this defect, Responding Party reserves it right to further object to this request on the grounds that this discovery request to the extent it seeks information that is prejudicial, private, confidential, privileged or protected from disclosure by any constitutional, statutory, or common law privilege, protection, or limitation.

**REQUEST FOR PRODUCTION NO. 14:**

The name of the programmer of the autodialer system used by the Defendant to call Plaintiff's telephone number 702-300-4625.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party objects to this request on the grounds that this discovery request seeks a summary of information, not documents or materials. If Propounding Party amends this request to cure this defect, Responding Party reserves it right to further object to this request on the grounds that this discovery request to the extent it seeks information that is prejudicial, private, confidential, privileged or protected from disclosure by any constitutional, statutory, or common law privilege, protection, or limitation.

/ / /

RESPONSE TO REQUESTS FOR PRODUCTION
2:13-cv-00128-MMD-PAL

**REQUEST FOR PRODUCTION NO. 15:**

All documents that include the Plaintiff's phone number or social security number or last four of social security number, or any identifiers for Plaintiff such as alleged account numbers, with the Defendants name on the same page.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Subject to and without waiving the foregoing objections (and based upon Responding Party's understanding of this discovery request), Responding Party responds as follows:

Responding Party is conducting a diligent inquiry to identify and locate any responsive records. Responding Party agrees to comply with this request by producing all responsive records that are currently known to exist.

**REQUEST FOR PRODUCTION NO. 16:**

A copy of any contract or audio recording in Defendant's possession proving Plaintiff agreed to pay Defendant any money or showing Plaintiff agreed to owe a debt to Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party objects to this request on the grounds that this discovery request is vague and ambiguous inasmuch as Responding Party cannot reasonably determine how to respond to this request. This discovery request calls for a legal conclusion as to what constitutes an agreement between Plaintif and Responding as well as the quantum of proof required to confirm such an agreement.

**REQUEST FOR PRODUCTION NO. 17:**

A copy of a contract which displays the name of the telephone company and the Defendant's business name which shows Defendant has an agreement with the telephone company for telephone company to provide telecommunications services which are used by Defendants business for incoming and outbound telephone calls for the time period from January 1, 2012 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party objects to this request on the grounds that this discovery request is irrelevant and not reasonably calculated to lead to discovery of admissible evidence.

///

RESPONSE TO REQUESTS FOR PRODUCTION
2:13-cv-00128-MMD-PAL

07427.00/193938

**REQUEST FOR PRODUCTION NO. 18:**

A copy of a contract, document or record showing Defendant purchased the debt, or the debt was transferred to Defendant or the debt was referred to Defendant regarding the alleged debt or alleged account Defendant attempted to collect from Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Party agrees to comply with this request by producing the contract assigning Plaintiff's account to Responding Party for collection.

Dated this 25th day of April, 2013.

COOPER LEVENSON APRIL
NIEDELMAN & WAGENHEIM, P.A.

By:  _____
Jerry S. Busby
Nevada Bar No: 001107
Gregory A. Kraemer
Nevada Bar No: 010911
6060 Elton Avenue, Suite A
Las Vegas, NV 89107
Attorneys for Defendant
FIRSTSOURCE ADVANTAGE, LLC

RESPONSE TO REQUESTS FOR PRODUCTION
2:13-cv-00128-MMD-PAL

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A. and that on this 25th day of April, 2013, I did cause a true copy of the foregoing **DEFENDANT FIRSTSOURCE ADVANTAGE, LLC'S RESPONSES TO PLAINTIFF GREGORY DANAHER'S FIRST SET OF REQUESTS FOR PRODUCTION** to be placed in the United States Mail, with first class postage prepaid thereon, and addressed as follows:

Gregory Danaher
7901 Quill Gordon Avenue
Las Vegas, NV 89149
Plaintiff in Proper Person

By _____

An Employee of
COOPER LEVENSON APRIL
NIEDELMAN & WAGENHEIM, P.A.