# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREGORY DANAHER,

                Plaintiff,

vs.

FIRSTSOURCE ADVANTAGE, LLC,

                Defendant.

Case No. 2:13-cv-00128-APG-PAL

**ORDER**

(Mot Ext Time - Dkt. #19)

Before the court is Plaintiff's Motion Requesting an Extension of Time (First Request) (Dkt. #19). The court has considered the Motion, Defendant's Opposition (Dkt. #20), and Plaintiff's Reply (Dkt. #22).

The Complaint (Dkt. #1) in this case was filed January 23, 2013. It asserts a claim for violations of the Fair Debt Collection Practices Act ("FDCPA"), violation of unspecified Nevada Revised Statutes and a common law claim for invasion of privacy by intrusion. Plaintiff alleges that on multiple occasions, the Defendant attempted to contact him to collect an alleged debt in violation of the FDCPA and Nevada Revised Statutes. Complaint, (Dkt. #1), ¶11. Specifically, Plaintiff claims that the Defendant communicated with him at inconvenient times and places, called and left multiple voice messages on his answering machine, left messages overheard by a third party which contained statements that the message was from a debt collector, engaged in conduct intended to harass, oppress or abuse him, etc. *Id*., ¶¶A - H. Plaintiff alleges that he has no account with the Defendant, and that calls placed on his private wireless telephone between February 2012, and May 22, 2012, caused him stress, anxiety and mental anguish on a daily basis. *Id*., ¶¶13, 14. These violations of the FDCPA are also alleged to constitute an invasion of Plaintiff's right to privacy.

The Defendant filed an Answer (Dkt. #9) on March 6, 2013, and the court entered a standard Discovery Plan and Scheduling Order (Dkt. #16) April 10, 2013, which complies with LR 26-1. In the current motion, the Plaintiff seeks an extension of the discovery plan and scheduling order deadlines arguing the current deadlines are insufficient and prejudicial. Plaintiff essentially requests a six-month extension of all existing discovery plan and scheduling order deadlines claiming Defendant has been unresponsive and uncooperative in discovery, and that he needs additional time to identify individuals with liability and add parties. Finally, Plaintiff claims that he "may require additional time for compelling Defendant to produce or answer properly prior to the cutoff for amending pleadings or adding parties." He asks the court for "input on setting proper scheduling order times if it's appropriate." He points out that he has a pending motion to amend the complaint on file.

Defendant filed a single Response to the Motion to Amend the Complaint and Motion to Request an Extension of Time (Dkt. #20). The district judge will address Plaintiff's motion to amend the complaint. However, any request to modify this court's discovery plan and scheduling order is automatically referred to the magistrate judge who entered the order. This order will therefore only address Plaintiff's motion requesting an extension of the discovery plan and scheduling order deadlines. Defendant opposes an extension of the deadlines arguing the motion to amend was filed almost sixty days after the deadline for filing motions to amend pursuant to the court's discovery plan and scheduling order. Defendant also argues the parties stipulated to the deadlines which the court approved in its scheduling order, and that Plaintiff has not established good cause for an extension.

Plaintiff replies that he is well aware of the effects of sequestration on the court, and is attempting to conserve the court's limited resources. He argues that it would conserve resources to allow all of the issues in this matter to be adjudicated in one case instead of filing a new case which would involve similar issues and parties.

Plaintiff's request for an extension of the discovery plan and scheduling order deadlines does not comply with the requirements of LR 26-4. Although it was filed more than twenty-one days prior to the expiration of the discovery cutoff, the request to extend the deadline for filing motions to amend the pleadings was not filed until May 28, 2013, more than six weeks after the deadline expired. Additionally, the motion for an extension of time does not specify the discovery that has been

completed, specifically describe the discovery that remains to be completed, or provide an adequate explanation for why discovery cannot be completed within the time limits set by the existing discovery plan and scheduling order.  As indicated, the district judge will decide whether to grant or deny Plaintiff's motion to amend the complaint.  The discovery cutoff is currently September 3, 2013, and the parties have substantial time to complete discovery within the existing plan.  Under these circumstances, the court finds Plaintiff has not established good cause for an extension of all of the discovery plan and scheduling order deadlines.

**IT IS ORDERED** that Plaintiff's Motion Requesting an Extension of Time (Dkt. #19) is **DENIED**.

Dated this 24th day of June, 2013.

_____
Peggy A. Leen
United States Magistrate Judge