UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GREGORY DANAHER, | ) | Case No. 2:13-cv-00128-APG-PAL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | (Mtn to Reconsider - Dkt. #25) |
| | ) | |
| FIRSTSOURCE ADVANTAGE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

  This matter is before the court on Plaintiff Gregory Danaher's Motion to Reconsider Order on Motion for Extension of Time (Dkt. #25) filed July 3, 2013.  The court has considered the Motion and Defendant Firstsource Advantage, LLC's Response (Dkt. #26).

  On May 28, 2013, Plaintiff filed a Motion to Extend Deadlines (Dkt. #19), in which Plaintiff sought a six-month extension of the deadlines in the court's Discovery Plan and Scheduling Order (Dkt. #16).  Defendant opposed the Motion (Dkt. #20), arguing Plaintiff had not established good cause for the requested extension.  On June 26, 2013, the court entered an Order (Dkt. #23) denying the Motion and finding Plaintiff had not described with specificity what discovery remained to be completed or provided an adequate explanation for why discovery cannot be completed within the time limits in the existing Discovery Plan and Scheduling Order.  Additionally, the court found that the parties had substantial time to complete discovery by the September 3, 2013, deadline.

  Plaintiff now requests the court reconsider its Order denying the Motion to Extend because Defendant has objected to Plaintiff's discovery request, and Plaintiff has not received the discovery he needs.  Defendant opposes the request, arguing Plaintiff's proposed schedule is not workable because it sets a deadline to amend the pleadings of September 3, 2013, but proposes an October 3, 2013, discovery cutoff, effectively precluding discovery on any of Plaintiff's amended claims.  Additionally,

Plaintiff proposes the expert disclosure deadline fall after the dispositive motion and discovery deadlines. Lastly, Plaintiff's proposed schedule would require a four to six month continuance of the trial in this matter.

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003). Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier. *Id.*

H Plaintiff has not met this standard. He has not presented new evidence, claimed the court committed error, or pointed to a change in controlling law. Accordingly,

**IT IS ORDERED** that the Motion to Reconsider (Dkt. #25) is DENIED.

Dated this 22nd day of July, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE